## JEFF STANFIELD v. STATE.

No. A-4362.    Opinion Filed May 26, 1923.

(215 Pac. 216.)

(Syllabus.)

**Appeal and Error—Dismissal—Acceptance of Parole.**  When the pardoning power extends clemency, and the same is accepted pending the determination of an appeal, the appeal will be dismissed.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Jeff Stanfield was convicted of manslaughter in the first degree, and he appeals.  Appeal dismissed.

Robertson & Braden, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Sp. Asst. Atty. Gen., for the State.

MATSON, P. J.  This is an  appeal from the  superior court of Okmulgee county, wherein, on the 12th day of December, 1921, plaintiff in error was convicted of the crime of manslaughter in the first degree for the killing of one Eugene Denton, alleged to have occurred in the said county on the 16th day of August, 1921, and punishment fixed at imprisonment in the state penitentiary for a period of 20 years.

Counsel for plaintiff in error and the Attorney General have each filed motions to dismiss this appeal for the reason that the Governor of this state, pending the appeal, granted

the plaintiff in error a parole, which said parole the plaintiff in error accepted. It appears from the records in the office of the Secretary of State that on the 5th day of January, 1923, Gov. Robertson granted this plaintiff in error a parole for this crime, which said parole was accepted by the plaintiff in error on the 6th day of January, 1923, and subscribed to by him in the presence of two witnesses. The repeated holdings of this court are to the effect that, when the pardoning power extends clemency, and the same is accepted pending the appeal, the appeal will be dismissed. Butler v. State, 4 Okla. Cr. 637, 112 Pac. 758; Ernst v. State, 17 Okla. Cr. 282, 187 Pac. 930.

The plaintiff in error having been granted a parole for this crime, and having accepted the same pending the determination of this appeal, the appeal is for that reason dismissed.

DOYLE and BESSEY, JJ., concur.